IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FAYE M. GOODIE, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. RDB-10-3478 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant United States of America, by and through its counsel Rod J. Rosenstein, United States Attorney for the District of Maryland, and Jason D. Medinger, Assistant United States Attorney for said district, and hereby moves for summary judgment, and states as follows:

1.  On December 13, 2010, Plaintiffs filed the instant complaint alleging claims against Defendant United States of America ("Defendant United States") under the Federal Tort Claims Act, 28 U.S.C. § 2761 et seq.  See Docket Entry No. 1.

2.  Specifically, Plaintiffs in their complaint allege medical malpractice against Dr. Comfort Onyiah and Dr. Ethel Weld who were working at the U.S. Department of Veterans Affairs Medical Center in Baltimore (the "VA Hospital") as medical residents when they evaluated and treated the Plaintiffs' father, Maurice Johnson, on October 5th and 9th, 2007, respectively. Using hindsight and retrospective analysis, Plaintiffs take issue with the real-time clinical judgments made by Drs. Onyiah and Weld, and aver that they should have foreseen that Mr. Johnson would later develop a fatal aortoenteric fistula ("AEF"), a condition that is so

1

exceedingly rare that Plaintiff's own expert has seen only one case of it in his 40-year career practicing emergency medicine.

3.     Defendant United States now moves for summary judgment in this case for a number of reasons.  First, Plaintiffs cannot hold the United States liable for the care given to Mr. Johnson by Dr. Onyiah because Plaintiffs' own expert has admitted that her care could not have breached any standard of care.  See Drennen v. United States, 375 Fed. Appx. 299, 304 (4th Cir. 2010) (affirming grant of judgment in favor of the United States where plaintiff's own expert admitted there was no breach).

4.     Second, summary judgment should be entered in favor of the United States for the care given to Mr. Johnson by Dr. Weld because she was acting as the "borrowed servant" of an indepedent contractor (the University of Maryland) with whom the VA Hospital contracted for the provision of emergency medicine services at the VA.  Aylesworth v. United States, 2005 WL 492831 at *3-4 (W.D. Tex. Feb. 28, 2005) (granting summary judgment to the United States because the VA residents were borrowed servants working under the direction of the University of Texas attending physicians at the VA hospital); see Banks v. United States, 623 F. Supp. 2d 751, 753-56 (S.D. Miss. 2009) (granting summary judgment to the United States because Air Force resident physician was a borrowed servant working under the direction of a University of Mississippi attending physician).

5.     Third, summary judgment should be entered in favor of the United States because Plaintiffs' expert has admitted that the University of Maryland attending physician Dr. John Flanigan was not negligent, and hence Plaintiffs cannot claim that Dr. Weld was negligent either, especially where she simply executed the treatment plan approved and directed by Dr. Flanigan.

See East v. United States, 745 F. Supp. 1142, 1157 (D. Md. 1990) (holding physician did not breach standard of care based on plaintiff's expert's admission that another doctor did not breach the standard of care when he similarly failed to make the same diagnosis under the same circumstances that confronted the defendant physician).

6.     Fourth, summary judgment should be entered in favor of the United States because even if she is not determined to be a borrowed servant, Dr. Weld did not breach any standard of care but rather made a reasonable clinical judgment in real-time based on the facts available to her that Plaintiff was suffering from gastritis, a common condition, and she cannot be held liable in malpractice simply because Mr. Johnson later turned out to have developed a different, exceedingly rare condition like AEF.  East, 745 F. Supp. at 1149, 1156 (granting judgment to the United States and holding that the government physician provided "reasonable medical care" because he relied on the "common and obvious explanations for [the patient's] problems").

7.     Fifth, summary judgment should be entered in favor of the United States because Plaintiffs cannot demonstrate that any alleged breach of the standard of care was the proximate cause of Plaintiffs' injuries; rather, Dr. Flanigan of the University of Maryland directed Dr. Weld's care and the ultimate discharge determination, and hence an independent contractor (UMMC's Dr. Flanigan) was the proximate cause of any claimed injuries.  See Robb v. United States, 80 F.3d 884, 890-94 (4th Cir. 1996) (affirming grant of judgment in favor of the United States on FTCA claim where allegedly negligent physicians who caused the injuries were independent contractors and not federal employees).

8.     Sixth, even if the Court does not grant summary judgment on all counts, partial summary judgment should be awarded in favor of the United States as to Plaintiffs' wrongful death claims

(Counts II, III, IV, and V) because the Maryland statute of repose for wrongful death claims requires that such claims be filed within three years of the decedent's death, and here Mr. Johnson passed on October 11, 2007 and this suit was not filed until December 13, 2010. See Knauer v. Johns-Manville Corp., 638 F. Supp. 1369, 1373-86 (D. Md. 1986) (holding that wrongful death claims filed more than three years after the decedent's death were time-barred under Md. Cts. & Jud. Proc. Code Ann. § 3-904(g)).

9.      In further support of this motion, Defendant United States respectfully refers the Court to the attached memorandum of law, which is incorporated by reference herein.

WHEREFORE, based on the foregoing, Defendant United States respectfully requests that this Court grant this motion and enter judgment in favor of the United States on all of the Plaintiffs' claims against Defendant United States.

        Respectfully submitted,

        Rod J. Rosenstein
        United States Attorney

    By:_____/s/_____
        Jason D. Medinger (Bar No. 28470)
        Assistant United States Attorneys
        36 South Charles Street, Fourth Floor
        Baltimore, Maryland 21201
        (410) 209-4800