IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAYE M. GOODIE, individually and as &ast;
Personal Representative of the estate of
MAURICE L. JOHNSON; MAURICE &ast;
SCOTT; TIFFANY JOHNSON; and
SHELLY JOHNSON &ast;

      Plaintiffs, &ast;       Civil Action No.: RDB-10-3478

          v. &ast;

UNITED STATES OF AMERICA &ast;

      Defendant. &ast;

&ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

## MEMORANDUM OPINION

The Plaintiffs, Faye M. Goodie, individually and as Personal Representative of the estate of Maurice L. Johnson; Maurice Scott; Tiffany Johnson; and Shelly Johnson, filed this action against the United States of America, alleging claims of medical malpractice and wrongful death related to the medical treatment that the decedent Maurice L. Johnson received at the Veterans Administration Medical Center in October 2007, pursuant to Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* Following a bench trial, this Court entered judgment in favor of the Plaintiffs and against the United States (ECF Nos. 44 & 45). Presently pending is the Plaintiffs' Bill of Costs (ECF No. 46). The parties' submissions have been reviewed and no hearing is deemed necessary. *See* Loc. R. 105.6. For the reasons that follow, the Plaintiffs' Bill of Costs will be GRANTED as to requests for costs that the Plaintiffs have not withdrawn.

The Plaintiffs request a total of $5,719.49 in costs in the following categories:   (1) $390.00 in filing fees; (2) $2,672.00 for transcripts; (3) $1,440.70 in witness fees; (4) $1,196.79 for copying; and (5) $20.00 for docket fees.   *See* 28 U.S.C. § 1920.   The only disputed costs in this case are for copying in the amount of $1,090.81.[1]   Certain photocopying costs are taxable as costs against the United States as the non-prevailing party.   *See* Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920(4) (allowing federal courts to tax as costs "[f]ees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case.").   However, in-house copies made merely for the convenience of counsel are not taxable.   *Simmons v. O'Malley*, 235 F. Supp. 2d 442, 444 (D. Md. 2002).   In addition, the Local Rules of this Court require that an application for costs be supported by affidavit, and set forth the documentation necessary to support an application for copying costs.   *See* Loc. R. 109.1.b (D. Md. 2011); D. Md. Guidelines for Bills of Costs 12-14 (D. Md. 2013).

The Defendant argues that certain requested copying costs are not allowable because the Plaintiffs did not file an affidavit and otherwise failed to specify why certain costs were "necessarily obtained for use in the case."   Following the filing of the Defendant's Opposition, the Plaintiffs provided an affidavit of counsel Michael P. Smith in support of their request for copying costs.   In Smith's Affidavit, the Plaintiffs withdrew their request for copying in the amount of $261.69 for a DVD of Dr. Witman's trial testimony and for a duplicative invoice for trial exhibits.   *See* Smith Aff. ¶¶ 3.b, 3.d.

As to the remaining $829.12 worth of copies still at issue, the Plaintiffs also clarify that certain invoices that were not previously explained were for taxable costs.   The Plaintiffs

---

[1] The Defendant does not dispute that $105.98 in costs incurred in obtaining medical records and x-ray copies from Johns Hopkins Hospital were necessarily obtained for this case.

state that invoice #07718 in the amount of $327.48 represents the cost of copies of exhibits placed in binders for use by this Court, Plaintiffs' counsel, and Defense counsel at trial. In addition, the Plaintiffs state that invoices #07725, 07702, and 07707, totaling $103.89, represent the costs of copying out of textbooks either identified by the Defendant for use at trial, or used by the Plaintiffs at trial. Finally, the Plaintiffs state that the "Account Quick Summary" for $397.75 represents in-house copies that were produced to Defense counsel in discovery, provided to experts, provided to Magistrate Judge Gesner of this Court for settlement purposes, and provided to this Court and Defense counsel during the summary judgment stage. This Court concludes that these categories of copies are either expressly listed as taxable in the Local Rules and Guidelines, or were otherwise "necessarily obtained for use in this case." Accordingly, the Plaintiffs' Bill of Costs, as modified by the Affidavit of counsel, will be granted.

## CONCLUSION & ORDER

For the reasons stated above, it is hereby ORDERED that:

1. The Plaintiffs' Bill of Costs is GRANTED. The Plaintiffs' are awarded a total of $5,457.80. Specifically, the Plaintiffs are awarded:

   a. $390.00 in filing fees;

   b. $2,672.00 for transcripts;

   c. $1,440.70 in witness fees;

   d. $935.10 for copying; and

   e. $20.00 for docket fees.

2.  The Plaintiffs are NOT awarded costs for certain requests totaling $261.69 that were withdrawn by the Plaintiffs; and

3.  The Clerk of the Court transmit copies of this Memorandum Order to the parties.

Dated: June 5, 2014                      _____/s/_____
                                         Richard D. Bennett
                                         United States District Judge

4